IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>JAVYN F. JOHNSON,<br><br>*Defendant.* | Case No. 22-10026-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Javyn F. Johnson's Motion to Reduce Sentence (Doc. 39).[1] He contends that he is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines. The government opposes Defendant's motion for sentence reduction. For the reasons stated in more detail below, the Court dismisses Defendant's motion.

On January 23, 2023, Defendant waived indictment. On that date, he pleaded guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to one count of distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On May 9, 2023, the Court sentenced Defendant to 180

---

[1] The Federal Public Defender's Office declined representation of Defendant in this matter.

months' imprisonment. On May 6, 2024, Defendant filed a Motion to Reduce Sentence, requesting a sentence reduction under Amendment 821.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[2] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[3]

Defendant states that he is a zero-point offender and requests that his sentence be reduced. Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[4] Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[5]

In this case, Defendant is not a zero-point offender. Defendant's criminal history score was 2, and he was in Criminal History Category II. Thus, he is ineligible for a reduction in sentence under Amendment 821. Accordingly, the Court dismisses Defendant's motion.[6]

---

[2] 18 U.S.C. § 3582(c)(2).

[3] *Id.*

[4] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[5] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited June 11, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[6] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 39) is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 11th day of June, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE