IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 22-10026-EFM

JAVYN F. JOHNSON,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Javyn F. Johnson's Motion for Reconsideration (Doc. 44). He contends that the Court erred when it found him ineligible for a sentence reduction under Amendment 821 and dismissed his motion. The government opposes Defendant's motion. For the reasons stated below, the Court denies Defendant's motion.

Defendant pleaded guilty to one count of distribution of fentanyl. On May 9, 2023, the Court sentenced Defendant to 180 months' imprisonment. On May 6, 2024, Defendant filed a Motion to Reduce Sentence, requesting a sentence reduction under Amendment 821. He asserted that he was zero-point offender. The Court concluded that Defendant was not a zero-point offender

because his criminal history score was 2, and he was in Criminal History Category II. Accordingly, the Court dismissed Defendant's motion because he was ineligible for a sentence reduction.[1]

Defendant now asserts that the Court should reconsider its decision. He argues that if the Court would engage in a categorical approach analysis, his two prior convictions for marijuana possession would not calculate into his criminal history score, and thus he would be a zero-point offender entitled to a sentence reduction. Defendant cites to *United States v. Madkins*.[2]

The Federal Rules of Criminal Procedure do not specifically provide for motions to reconsider; however, the Tenth Circuit allows them.[3] The same standards that govern civil motions for reconsideration govern motions to reconsider in the criminal context.[4] A motion for reconsideration allows the Court to correct clear errors of law or fact or to review newly discovered evidence.[5] Thus, the Court can alter its judgment "when the court has misapprehended the facts, a party's position, or the law."[6]

Furthermore, "a motion to reconsider an order . . . denying a sentence modification under § 3582(c) must be brought within the time granted to appeal that order."[7] Federal Rule of Appellate Procedure 4(b) requires that a defendant's notice of appeal be filed within 14 days of the judgment

---

[1] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).

[2] 866 F.3d 1136 (10th Cir. 2017).

[3] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

[4] *Id.*

[5] *Id.*

[6] *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[7] *United States v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011).

or the order. Similarly, D. Kan. Rule 7.3 requires a motion for reconsideration to be filed within 14 days after the order is served.

Here, the Court entered its Order on June 11, 2024. Defendant was required to file his motion on or by June 25, 2024. Defendant did not timely do so as he filed it on July 12, 2024.[8] Regardless, Defendant does not identify nor provide any valid reason for the Court to reconsider its prior decision.[9]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration (Doc. 44) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of August, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] *Id.* (finding that the district court properly denied a motion for reconsideration when it was untimely filed).

[9] As noted above, Defendant relies on *United States v. Madkins*. In *Madkins*, the issue before the Tenth Circuit was whether two prior convictions under Kansas law qualified as predicate offenses for career-offender purposes under § 4B.1.1 of the sentencing guidelines. *See Madkins*, 866 F.3d at 1143–44. The case does not support Defendant's proposition that his prior convictions under Kansas law should be completely removed when calculating his criminal history score under § 4A1.1. Thus, *Madkins* has no applicability to this case.